**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____
                            :
JEFFREY A. MARTINOVICH,     :     Civ. Action No. 18-621(RMB)
                            :
        Petitioner,         :
                            :     **OPINION**
    v.                      :
                            :
WARDEN DAVID E. ORTIZ,      :
                            :
        Respondent.         :
_____:

This matter comes before the Court upon Petitioner's Motion to Object to Habeas Petition Dismissed as Moot (ECF No. 5) and Respondent's opposition to the motion (ECF Nos. 7, 8) in this proceeding under 28 U.S.C. § 2241. For the reasons discussed below, Petitioner's Motion to Object to Habeas Petition Dismissed as Moot will be denied.

I.  BACKGROUND

Petitioner Jeffrey A. Martinovich, a prisoner incarcerated in the Federal Correctional Institution in Fort Dix, New Jersey at the time he filed the instant petition for writ of habeas corpus under 28 U.S.C. § 2241, challenges the Bureau of Prison's ("BOP") custody classification and seeks transfer to a minimum-security prison. (Pet., ECF No. 1; IFP app., ECF No. 1-3 at 2.) Respondent filed a response to the petition on February 20, 2018, stating the

BOP revised Petitioner's custody classification and removed the Greater Security Management Variable, which had precluded Petitioner from transferring to a prison camp. (Letter Response, ECF No. 3.) Respondent argued the petition was moot, and this Court agreed and dismissed the petition by order dated February 23, 2018. (Mem. and Order, ECF No. 4.)

On March 5, 2018, Petitioner filed the instant Motion to Object to Habeas Petition Dismissed as Moot. ("Mot. to Object," ECF No. 5.) Petitioner requested the following relief:

> Compel the BOP to properly exercise their discretion and authority, and to properly determine the location of Mr. Martinovich's imprisonment pursuant to the five factors of Section 3621(b), to include the sentencing court's recommendation for a minimum security facility closest to home of record, and all argument previously presented in Habeas petition.
>
> Mr. Martinovich also requests this Court enjoin the BOP from further and future custody classification, designation, or placement for Mr. Martinovich inconsistent with the proper discretion and authorization in 18 U.S.C. § 3621(b), BOP Program Statements, and U.S. Sentencing Commission Policy Statements.. . . Mr. Martinovich also respectfully requests this Court direct the BOP to transfer Mr. Martinovich to a minimum security facility closest to home of record.

(Mot. to Object, ECF No. 5.)

Respondent opposes relief, arguing that the district court lacks jurisdiction over a § 2241 petition that challenges a condition of confinement rather than the fact or duration of

2

confinement. (Response to Mot., ECF No. 7 at 2.) Moreover, Respondent submitted that relief was unnecessary because Petitioner was awaiting a re-designation to a minimum-security prison camp, which was likely to occur in a matter of weeks. (Id.) Respondent followed up with a letter dated May 30, 2018, informing the Court that on May 16, 2018, Petitioner was transferred to FPC Beckley, a minimum-security camp in Beckley, West Virginia. (Letter, ECF No. 8 at 2.)

II. DISCUSSION

The Federal Rules of Civil Procedure, to the extent they do not conflict with the Habeas Corpus Rules, are applicable to habeas proceedings. Woodford v. Garceau, 538 U.S. 202, 208 (2003). Federal Rule of Civil Procedure 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." There is nothing in the Habeas Rules in conflict the Rule 59(e). The Court construes Petitioner's motion to object as a motion for reconsideration under Federal Rule of Civil Procedure 59(e). Petitioner timely filed his motion.

The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. Max's Seafood Café ex rel. Lou-Ann v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).

> [A] judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an

3

> intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *See North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir.1995).

Max's Seafood Café ex rel. Lou-Ann v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).

A district court lacks jurisdiction to compel the Federal Bureau of Prisons to change a prisoner's custody classification or to transfer a prisoner to a lower security prison. See Beckley v. Miner, 125 F. App'x 385, 388 (3d Cir. 2005) (district court lacked jurisdiction over habeas petition seeking prison transfer). Even if a district court could compel the BOP to exercise its discretion under 18 U.S.C. § 3621(b) and determine whether a prisoner should be transferred to a minimum-security camp,[1] the issue is moot because the BOP has transferred Petitioner to a minimum-security prison camp. See Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996) ("[i]f developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot.")

---

[1] See Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 249 (3d Cir. 2005) (the BOP must consider the factors under 18 U.S.C. § 3621(b) when making placement decisions.)

4

III. CONCLUSION

For the reasons discussed above, the motion for reconsideration is denied.

An appropriate Order will be filed.

s/Renée Marie Bumb
**RENÉE MARIE BUMB**
**United States District Judge**

**Dated: September 10, 2018**